[No. 12238. · Department Two. —·January 30, 1890.]

O. S. TRIMMER, ADMINISTRATOR, ETC., RESPONDENT, *v.*
CHARLES BODE, APPELLANT.

STATE SCHOOL-LANDS — CERTIFICATE OF PURCHASE — CITIZENSHIP — ACTUAL
SETTLEMENT — EJECTMENT — ASSAILING CERTIFICATE. — An applicant to
purchase school-lands from the state must be a citizen of the United
States, or have declared his intention to become such; and while the
amendment of 1880 to section 3945 of the Political Code was in force, he
must have been an actual settler upon the land, whether it was suitable
for cultivation or not, and must have so stated in his affidavit to pur-
chase. If the qualifications of citizenship and actual settlement, or either
of them, be wanting in fact, the application, and a certificate of purchase
issued thereunder, are void, and a mere possessor of the land can assail
the certificate of purchase in an action of ejectment on these grounds.

At all events, the defendant in ejectment is in a condition to attack the
plaintiff's certificate of purchase on these grounds, if such defendant
possesses the requisite qualifications and has applied to purchase the
same land from the state.

APPEAL from a judgment of the Superior Court of
Monterey County, and from an order denying a new
trial.

The facts are stated in the opinion of the court.

*S. F. Geil,* and *H. V. Morehouse,* for Appellant.

*William H. Webb,* and *F. Sherwood,* for Respondent.

THORNTON, J.—Ejectment for north half of section 36,
township 24 south, range 10 east, Mount Diablo meri-
dian. Judgment for plaintiff. Appeal by defendant
from the judgment, and from an order denying his mo-
tion for a new trial.

The plaintiff bases his right to recover on a certificate
of purchase for the land in controversy issued to his in-
testate, John McBride.

The defendant assails this certificate on the following
grounds: 1. That McBride was not, when he made his
application to purchase, a citizen of the United States,
nor had he declared his intention to become such; 2.
That McBride never was an actual settler on the land.

If defendant can urge these grounds, and their truth
or the truth of either of them is established by the evi-
dence, the judgment and order are erroneous. It is clear
that there is no evidence in the record that McBride was
ever a citizen of the United States, or had ever declared
his intention to become such citizen. Whatever evi-
dence was admitted on this subject at the trial was, be-
fore its close, stricken out by the court.

The evidence fails to show that McBride was at any
time an actual settler on the land. McBride states in
his testimony that his home for the last ten or twelve
years, which includes the time he claims to have been a

settler on the land, had been at Pinkerton's. Pinker-
ton's place was not on the land. We cannot hold that
McBride was a settler on the land, when at the same
time he had his home at a different place.

The defendant went on the land in November, 1885,
and has resided on it ever since. During this period he
has erected a house on it. He has plowed about five
acres, dug a well, and fixed a road to the place. He
possessed all the qualifications to purchase the land when
he made the application required by law to buy it, in
January, 1886. When he made this application, and at
the time of the trial, he owned no other land. That the
land is suitable for cultivation is proved by the evidence
in the case. When defendant made application to pur-
chase this land, there was no one in occupation of it.
He entered on it for his own benefit, and to make it his
home. He has made no contract with any one in regard
to this land.

Defendant made application to purchase this land in
January, 1886. His application is in all respects in com-
pliance with law.

On the 29th of January, 1886, the surveyor-general of
this state made an order referring the claims of McBride
and defendant to the superior court of Monterey County,
in which county the land is situate, for adjudication.
Defendant has brought suit under this order, which suit
was pending at the time of the trial.

We are of opinion that the defendant on his mere
possession could attack the certificate of purchase to Mc-
Bride,—1. Because the land was suitable for cultivation,
and McBride was never an actual settler on it (Const.,
art. 17, sec. 3); 2. Because McBride was never a citizen
of the United States, and had never declared his inten-
tion to become such citizen. On these grounds his ap-
plication and certificate are void.

If defendant could not assail the certificate of purchase
of McBride on his possession, his application placed him

in privity with the state, and therefore in a condition to attack it.

The decision of the court below, for the reasons above given, is not justified by the evidence.

It may be added that the statute in force January, 1885, when McBride made his application, requires that the applicant must be an actual settler on this land in order to purchase it of the state. (Pol. Code, sec. 3495, amended in 1880. See amendments to codes for 1880, p. 109.) By this amendment of section 3495 of the Political Code, he must state in his affidavit to purchase that he *is an actual settler* on the land. ·Actual settlement on the land is therefore a necessary qualification to purchase, whether the land is suitable for cultivation or not.

The court erred in its findings of fact in regard to McBride's qualifications to purchase as pointed out above, therefore McBride's application and certificate must be held void, as they conferred no title upon him.

The judgment and order are therefore reversed, and the cause remanded for a new trial.

McFARLAND, J., and SHARPSTEIN, J., concurred.